UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROBERT EDWARD NOWAKOWSKI,

        Plaintiff,

    -against-

THE CITY OF NEW YORK; P.O. SHANTELL
MCKINNIES; P.O. CRAIG; and
WILLIAM F. BRATTON, N.Y.C.P.D. Commissioner,

        Defendants.
-----------------------------------------------------------------x
VITALIANO, D.J.

MEMORANDUM AND ORDER
16-CV-673 (ENV)(LB)

Plaintiff Robert Edward Nowakowski filed this civil rights complaint, pro se and in forma pauperis, pursuant to 42 U.S.C. § 1983 and state law, against the City of New York (the "City"), two individual NYPD officers, and William F. Bratton, the New York City Police Commissioner. Plaintiff's request to proceed in forma pauperis is granted, pursuant to 28 U.S.C. § 1915. For the reasons that follow, the complaint as to Commissioner Bratton and the City is dismissed, as are the third and fourth causes of action against all defendants. The claims against the remaining defendants and remaining cause of action may proceed.

## Background

The following facts are taken from the complaint and are assumed to be true solely for the purposes of this Order. At or about 2:20 a.m. on February 8, 2015, Nowakowsi was arrested on a public sidewalk in Greenpoint, Brooklyn by Police Officers Craig and McKinnies. Compl. ¶¶ 19, 22. He was subsequently charged with intentionally damaging property of another person in violation of New York Penal Law § 145.00(1). Plaintiff was arraigned in Brooklyn Criminal Court on February 9, 2015. Compl. ¶ 23. The charge was dismissed on May 14, 2015. Compl. ¶ 55. Nowakowski claims that he committed no unlawful act and that his arrest was unwarranted.

He further claims that, during the course of his arrest, detention and resulting criminal proceedings, he was subjected to false arrest (first cause of action); assault and battery (second cause of action); negligent hiring, retention, supervision, and training (third and fourth causes of action); negligence in performance of duties (fifth cause of action); malicious prosecution (sixth cause of action) and civil rights abuses in violation of 42 U.S.C. § 1983 (seventh cause of action). He seeks $8 million in damages. Compl. ¶ 74.

## Applicable Standards

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint fails to state a claim on which relief can be granted when, taking all allegations contained in the complaint to be true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

In performing its analysis, a district court must construe a pro se litigant's pleadings liberally, see Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. Erickson v. Pardus, 551 U.S. 89 (2007); Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-93 (2d Cir. 2008). A pro se complaint should not be dismissed without granting a pro se plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

Although courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470

2

F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

## Discussion

The gravamen of plaintiff's lawsuit is pegged to his arrest – a fairly pedestrian claim made under § 1983. In order to maintain a § 1983 action, a plaintiff must allege facts showing two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). As a consequence, a § 1983 plaintiff seeking to recover money damages must establish that the named defendant was personally involved in the wrongdoing or misconduct complained of, Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994), and was, at the time, acting as a state officer or agent.

While Nowakowski has satisfied these rules as against Officers Craig and McKinnies, he falls short in his claims against Commissioner Bratton. Specifically, he has not alleged that Commissioner Bratton participated in the alleged harm. Nor has he pleaded any facts that might support a credible theory under any cause of action in which Commissioner Bratton is named. Indeed, plausible amendment of such claims is inconceivable.

Plaintiff's claims against the City fare no better. It is true that as a municipality, the City can be liable under § 1983, but only if that plaintiff can show that a municipal policy or custom caused the deprivation of his constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury.") (citation and internal quotation marks omitted), cert. denied, 132 S. Ct. 1741 (2012). Moreover, proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985). Here, there is virtually no foundation for a municipal § 1983 claim against the City. While plaintiff claims that he "and [other] persons" have been subjected to "a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks," Compl. ¶ 68, he does not plausibly plead any examples of such treatment other than the single incident of which he complains. Also vitiating plaintiff's § 1983 claim is his failure to identify any "lawmakers or [persons] whose edicts or acts may fairly be said to represent official policy." See Monell, 436 U.S. at 694. Without pleading such facts, Nowakowski cannot

4

establish municipal liability for the wrongs he alleges. Accordingly, his § 1983 claim against the City is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.[1]

## Conclusion

For the foregoing reasons, the claims against Commissioner Bratton and the City are dismissed. The fourth and fifth causes of action are also dismissed. No summons shall issue against the Commissioner or the City; rather, the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

All of plaintiff's remaining claims against Officers Craig and McKinnies may proceed. The Clerk of Court is directed to issue summonses to those defendants, and the United States Marshals Service is directed to serve those summonses, with copies of the complaint and of this Order, on the remaining defendants. The Clerk of Court shall mail a copy of this Order and the complaint to the New York City Law Department's Federal Litigation Unit and to plaintiff. Should additional information be required to complete service on the defendant identified only as "P.O. Craig," the Corporation Counsel of the City of New York is directed to endeavor, pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), to ascertain the full name and shield number of such officer and provide such information to plaintiff and the Court. Service shall be without pre-payment of fees.

The Court respectfully refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

---

[1] Nowakowski's federal cause of action against Commissioner Bratton and the City having been dismissed, the Court declines to exercise supplemental jurisdiction over his pendent state law claims, namely, negligent hiring, retention, training, and supervision, against these defendants. See 28 U.S.C. § 1367(c)(3). These claims are dismissed without prejudice to their refiling in a state court of appropriate jurisdiction.

5

in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

So Ordered.


Dated: Brooklyn, New York
　　　　June 9, 2016

　　　　　　　　　　　　　　　　　　/s/ USDJ ERIC N. VITALIANO
　　　　　　　　　　　　　　　　　　ERIC N. VITALIANO
　　　　　　　　　　　　　　　　　　United States District Judge