UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

ROBERT EDWARD NOWAKOWSKI,

Plaintiff,

-against-

THE CITY OF NEW YORK,
P.O. SHANTELL MCKINNIES,
P.O. CRAIG,
P.O. JOSEPHINE BARONE-BAUER,
P.O. SANTIAGO,
WILLIAM F. BRATTON,

Defendants,

--------------------------------------------------------------------X

**FIRST AMENDED**

**COMPLAINT**

**JURY TRIAL DEMANDED**

The plaintiff, complaining of the defendants, respectfully shows to this Court and alleges:

## JURISDICTION

FIRST:        That jurisdiction is founded upon the existence of a Federal Question.

SECOND:        That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of NEW YORK.

THIRD:        Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States.

FOURTH:       That these violations of the plaintiff's rights complained of herein occurred within the jurisdictional confines of the federal Eastern District of the State of New York.

FIFTH:        The matter in controversy exceeds, exclusive of interests and costs, the sum or value of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS.

## PARTIES

SIXTH:        That the plaintiff is a natural born Citizen of the United States and he is a resident of the CITY OF NEW YORK and STATE OF NEW YORK.

SEVENTH:     Upon information and belief, that at all times hereinafter mentioned, the defendant CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the STATE OF NEW YORK.

EIGHTH:       Upon information and belief, that at all times hereinafter mentioned, the defendant CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, including all the police officers thereof.

NINTH:        Upon information and belief, that at all times hereinafter mentioned, and on or prior to FEBRUARY 8, 2015,"SHANTELL MCKINNIES"and "CRAIG" were employed by the defendant CITY OF NEW YORK as 94th Precinct police officers.

TENTH:        Upon information and belief, that at all times hereinafter mentioned, and on or prior to JULY 11, 2015,"JOSEPHINE BARONE-BAUER" and "SANTIAGO" were employed by the defendant CITY OF NEW YORK as 94th Precinct police officers.

ELEVENTH:  Upon information and belief, that at all times hereinafter mentioned, and on or about FEBRUARY 8, 2015, defendant "WILLIAM F. BRATTON" was duly appointed and presently acting Commissioner of the Police Department of the CITY OF NEW YORK and designated as head of the police officers for the CITY OF NEW YORK.

TWELFTH:  This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly, the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights of the Constitution and laws of the STATE OF NEW YORK.

THIRTEENTH:  Each and all of the acts of the defendants, their agents, servants and employees, and each of them, not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the CITY and STATE OF NEW YORK, and under the authority of their office as police officers of said state, city and county.

## PENDANT STATE CLAIMS

FOURTEENTH:  That Notice of the Plaintiff's Claim for Damages for false arrest and imprisonment, assault and battery, violation of civil rights, negligence in hiring and retaining, or alternatively, municipality's liability under *respondeat superior*,negligence in performance and negligence in training and supervising, the nature of the claim and the date of, the time when, the place where and manner in which the claim arose was duly served upon the Comptroller of the City of New York, pursuant to General Municipal Law § 50-e (1)[a],(2)[1-4], (3)[a].

FIFTEENTH: That Notice of the Plaintiff's Claim for Damages for malicious prosecution and violation of civil rights, the nature of the claim and the date of, the time when, the place where

and manner in which the claim arose was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e (1)[a], (2)[1-4], (3)[a].

SIXTEENTH: That an examination of the plaintiff had been conducted by the municipal defendant pursuant to the provisions set forth in New York General Municipal Law § 50-h.

SEVENTEENTH:     That, pursuant to General Municipal Law §50-i (1)[b] more than 30 days have elapsed since the Notice of Claim and Notice of Intention to Sue has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

EIGHTEENTH:     That, pursuant to General Municipal Law § 50-i (1)[c] this action is commenced within One Year and Ninety Days after the cause of action arose.

## FIRST CAUSE OF ACTION – FALSE ARREST

NINETEENTH:     The plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs marked FIRST through THIRTEENTH with the same force and effect as if more fully set forth herein.

TWENTIETH:     That on February 8, 2015 at or about 2:20 A.M., on the public sidewalk, in front of, contiguous to and adjacent to premises known and designated as the north-west corner of North Henry Street and Meserole Avenue in the Greenpoint section of Brooklyn situated within the County of Kings, the defendants, their agents, servants and employees wrongly and falsely arrested, imprisoned and detained plaintiff, ROBERT EDWARD NOWAKOWSKI, without any right or grounds therefore.

TWENTY-FIRST:      That on February 8, 2015, the defendants wrongfully and falsely accused

the plaintiff, ROBERT EDWARD NOWAKOWSKI, charging him with a violation of New York

State Penal Law § 145.00 (1).

TWENTY-SECOND: That the said arrest and imprisonment was caused by the defendants, their

agents, servants and employees, without any warrant or other legal process and without authority

of the law and without any reasonable cause or belief that the plaintiff, ROBERT EDWARD

NOWAKOWSKI, was in fact guilty of such crimes.

TWENTY-THIRD:      That on the aforesaid date, time and place, the plaintiff, who was lawfully

and properly upon the sidewalk thereat was handcuffed by P.O. CRAIG on the orders of P.O.

MCKINNIES.

TWENTY-FOURTH: While the plaintiff was so engaged, as aforesaid, the defendants, their

agents, servants and employees, wrongfully and unlawfully, against the plaintiff's wish, without

probable or reasonable cause, and on the sole charge, then made, that plaintiff violated PL

145.00(1) in that he was, arrested and imprisoned the plaintiff with full force of arms, they

forcibly seized, assaulted and laid hold of and compelled him to go with the said defendant

police officers to be detained and imprisoned in the premises known as the 94th police precinct

stationhouse at 100 Meserole Avenue in Brooklyn, and continuing to other divers places and

times, including a detention cell at 120 Schermerhorn Street in Brooklyn, where the plaintiff was

further detained and imprisoned  until such time as he was arraigned before Brooklyn Criminal

Court judge Honorable Laura Johnson on February 9, 2015.

TWENTY-FIFTH:      That the defendants, their agents, servants and employees acting within the

scope of their employment, detained and imprisoned the plaintiff even though the defendants,

their agents, servants and employees, had the opportunity to know or should have known the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at said locations.

TWENTY-SIXTH:    That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

TWENTY-SEVENTH:        That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of the County of Kings, and to be arraigned before Brooklyn Criminal Court judge Honorable Laura Johnson.

TWENTY-EIGHTH: That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the plaintiff, in that the plaintiff was conscious of the confinement, did not consent to the confinement; and that the confinement was not otherwise privileged.

TWENTY-NINTH:    That by the reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with this charge, and greatly injured in his credit and circumstances and was then prevented and hindered in performing and transacting his necessary

affairs of business, and he was caused to suffer much pain in both mind and body and the loss of employment opportunities.

THIRTIETH: That be the reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## SECOND CAUSE OF ACTION – FALSE ARREST

THIRTY-FIRST:      The plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs marked FIRST through SEVENTEENTH with the same force and effect as if more fully set forth herein.

THIRTY-SECOND:   That on July 11, 2015 at or about 2:20 A.M., on the public sidewalk, in front of, contiguous to and adjacent to premises known and designated as the south-west corner of Moultrie Street and Humboldt Street in the Greenpoint section of Brooklyn situated within the County of Kings, the defendants, their agents, servants and employees wrongly and falsely arrested, imprisoned and detained plaintiff, ROBERT EDWARD NOWAKOWSKI, without any right or grounds therefore.

THIRTY-THIRD:      That on February 8, 2015, the defendants wrongfully and falsely accused the plaintiff, ROBERT EDWARD NOWAKOWSKI, charging him with a violation of New York State Penal Law.

THIRTY-FOURTH:   That the said arrest and imprisonment was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff, ROBERT EDWARD NOWAKOWSKI, was in fact guilty of such crimes.

THIRTY-FIFTH:      That on the aforesaid date, time and place, the plaintiff, who was lawfully and properly upon the sidewalk thereat was handcuffed by P.O. SANTIAGO on the orders of P.O. BARONE-BAUER.

THIRTY-SIXTH:      While the plaintiff was so engaged, as aforesaid, the defendants, their agents, servants and employees, wrongfully and unlawfully, against the plaintiff's wish, without probable or reasonable cause, and on the sole charge, then made, that plaintiff violated the law in that he was, arrested and imprisoned the plaintiff with full force of arms, they forcibly seized, assaulted and laid hold of and compelled him to go with the said defendant police officers to be detained and imprisoned in the premises known as the 94th police precinct stationhouse at 100 Meserole Avenue in Brooklyn, and continuing to other divers places and times, including a detention cell at 120 Schermerhorn Street in Brooklyn, where the plaintiff was further detained and imprisoned  until such time as he was arraigned before Brooklyn Criminal Court judge Honorable Sharon Bourne-Clarke on July 11, 2015.

THIRTY-SEVENTH: That the defendants, their agents, servants and employees acting within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at said locations.

THIRTY-EIGHTH:      That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees

and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

THIRTY-NINTH:      That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of the County of Kings, and to be arraigned before Brooklyn Criminal Court judge Honorable Sharon Bourne-Clarke.

FORTIETH:   That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the plaintiff, in that the plaintiff was conscious of the confinement, did not consent to the confinement; and that the confinement was not otherwise privileged.

FORTY-FIRST:      That by the reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with this charge, and greatly injured in his credit and circumstances and was then prevented and hindered in performing and transacting his necessary affairs of business, and he was caused to suffer much pain in both mind and body and the loss of employment opportunities.

FORTY-SECOND:    That be the reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## THIRD CAUSE OF ACTION – ASSAULT AND BATTERY

FORTY-THIRD:        Plaintiff repeats and re-alleges each and every allegation contained in the

paragraphs marked FIRST through TWENTY-NINTH, with the same force and effect as if more

fully set forth herein.

FORTY-FOURTH:    That on February 8, 2015, at approximately 2:20 A.M. while the plaintiff

was lawfully and properly on the premises known and designated as the north-west corner of

North Henry Street and Meserole Avenue in the Greenpoint section of Brooklyn situated within

the County of Kings, the defendants, their agents, servants and employees, particularly P.O.'s

McKINNIES and CRAIG, without just cause or provocation and with force, seized and laid hold

of the plaintiff, ROBERT EDWARD NOWAKOWSKI, causing handcuffs to be tightly placed

upon the wrists of the plaintiff.

FORTY-FIFTH:        That the defendants, their agents, servants and employees, acting as agents

and on behalf of defendants and within the scope of their employment, intentionally, willfully

and maliciously assaulted and battered the plaintiff, ROBERT EDWARD NOWAKOWSKI, in

that they had the real or apparent ability to cause imminent harmful and offensive bodily contact

and intentionally did a violent and menacing act which threatened such contact to the plaintiff,

and that act caused apprehension of such contact in the plaintiff, and defendants, in a hostile and

offensive manner touched the plaintiff, without his consent and with the intention of causing

harmful and offensive bodily contact to the plaintiff and caused such battery in handcuffing him

and putting him in their patrol car.

FORTY-SIXTH:        That by reason of the aforesaid intentional assault and battery committed

by , the defendants, their agents, servants and employees, acting within the scope of their

authority and without probable or reasonable cause, he suffered conscious pain and suffering, and that he was otherwise damaged.

FORTY-SEVENTH: That be the reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### THIRD CAUSE OF ACTION – ASSAULT AND BATTERY

FORTY-EIGHTH: Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs marked FIRST through THIRTEENTH, and THIRTY-SECOND to FORTY-THIRD, with the same force and effect as if more fully set forth herein.

FORTY-NINTH: That on July 11, 2015, at approximately 2:20 A.M. while the plaintiff was lawfully and properly on the premises known and designated as the north-west corner of North Henry Street and Meserole Avenue in the Greenpoint section of Brooklyn situated within the County of Kings, the defendants, their agents, servants and employees, particularly P.O.'s BARONE-BAUER & SANTIAGO, without just cause or provocation and with force, seized and laid hold of the plaintiff, ROBERT EDWARD NOWAKOWSKI, causing handcuffs to be tightly placed upon the wrists of the plaintiff.

FIFTIETH: That the defendants, their agents, servants and employees, acting as agents and on behalf of defendants and within the scope of their employment, intentionally, willfully and maliciously assaulted and battered the plaintiff, ROBERT EDWARD NOWAKOWSKI, in that they had the real or apparent ability to cause imminent harmful and offensive bodily contact and intentionally did a violent and menacing act which threatened such contact to the plaintiff, and that act caused apprehension of such contact in the plaintiff, and defendants, in a hostile and offensive manner touched the plaintiff, without his consent and with the intention of causing

Page 11 of 24

harmful and offensive bodily contact to the plaintiff and caused such battery in handcuffing him and putting him in their patrol car.

FIFTY-FIRST:        That by reason of the aforesaid intentional assault and battery committed by , the defendants, their agents, servants and employees, acting within the scope of their authority and without probable or reasonable cause, he suffered conscious pain and suffering, and that he was otherwise damaged.

FIFTY-SECOND:       That be the reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## FOURTH CAUSE OF ACTION – NEGLIGENCE IN HIRING AND RETAINING

FIFTY-THIRD:        Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs marked FIRST through THIRTY-FOURTH, with the same force and effect as if more fully set forth herein.

FIFTY-FOURTH:       That defendants CITY OF NEW YORK, were careless and reckless in hiring and retaining as and for its employees, the above named police officers, in that the said defendants lacked the experience, deportment and ability to be employed by the defendant; in that the defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacities and the abilities to function as employees of the aforementioned defendant; in that defendants, CITY OF NEW YORK, failed to investigate the above named defendants' backgrounds in that they hired and retained as an employee of the police department these two individuals who lacked the maturity, sensibility, and intelligence to be employed by the defendant; in that the defendant knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them

to be employees; and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

FIFTY-FIFTH:        That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting damages to mind and body there from, were caused wholly and solely by reason of the negligence of the defendant , their agents, servants and employees, without any negligence on the part of the plaintiff.

FIFTY-SIXTH:        That by reason of the aforesaid, the plaintiff was injured psychologically and has incurred damages to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, and the plaintiff has otherwise been damaged including, but not limited to, his loss of reputation thereof.

FIFTY-SEVENTH:    That be the reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## FOURTH CAUSE OF ACTION – NEGLIGENCE IN SUPERVISING AND TRAINING

FIFTY-EIGHTH:        Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs marked FIRST through THIRTY-NINTH, with the same force and effect as if more fully set forth herein.

FIFTY-NINTH:        That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named defendants, in that they failed to train their employees in the training and instruction of its police officers by not exercising care in training as to deportment, behavior, conduct, and investigative methods prior to effecting an arrest, to control their tempers and exercise the proper

deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

SIXTIETH:    That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting damages were caused by reason of the negligence of the defendant, its agents, servants and employees without any negligence on the parted.

SIXTY-FIRST:    That the municipal and supervisory defendants fostered an attitude of negligence and discrimination at the 94th precinct police in that complaints against misconduct and conspiratorial activities are disregarded while enabling unwarranted arrests and detentions and booking arrestees through the Central Booking process for trivial charges instead of issuing Desk Appearance Tickets as other police precincts in the city do for the exact same charges, compounding the harm suffered.

SIXTY-SECOND:    That be the reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## FIFTH CAUSE OF ACTION - NEGLIGENCE IN PERFORMANCE OF DUTIES

SIXTY-THIRD:    Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs marked FIRST through FORTY-FOURTH, with the same force and effect as if more fully set forth herein.

SIXTY-FOURTH:    That the defendants, their agents, servants and employees negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the

performance of their police duties as a reasonably prudent police officer would have used under similar circumstances; in that they recklessly, carelessly and negligently arrested the plaintiff without making a proper investigation; in that they were reckless, careless and negligent in the manner in which they operated; that the defendants, their agents, servants and employees negligently, carelessly and recklessly without provocation and with great force of arms arrested the plaintiff on the sidewalk thereat, defendants, their agents, servants and employees negligently, carelessly and recklessly refused to investigate the highly dubious charge; and in that defendants, their agents, servants and employees were otherwise negligent, careless and reckless.

SIXTY-FIFTH:    That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting damages to mind and body there from, were caused wholly and solely by reason of the negligence of the defendant , their agents, servants and employees, without any negligence on the part of the plaintiff.

SIXTY-SIXTH:    That by reason of the aforesaid, the plaintiff was injured psychologically and has incurred damages to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, and the plaintiff has otherwise been damaged including, but not limited to, his loss of reputation thereof.

SIXTY-SEVENTH:   That be the reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## SIXTH CAUSE OF ACTION – MALICIOUS PROSECUTION

Page 15 of 24

SIXTY-EIGHTH:      Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs marked FIRST through FORTY-NINTH, with the same force and effect as if more fully set forth herein.

SIXTY-NINTH:       That on February 8, 2015 at or about 2:20 A.M., on the public sidewalk, in front of, contiguous to and adjacent to premises known and designated as the north-west corner of North Henry Street and Meserole Avenue in the Greenpoint section of Brooklyn situated within the County of Kings, and at subsequent times thereafter, including but not limited to the premises known as the 94th police precinct stationhouse at 100 Meserole Avenue in Brooklyn, and continuing to other divers places and times, including a detention cell at 120 Schermerhorn Street in Brooklyn,defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff, ROBERT EDWARD NOWAKOWSKI, without any just right or grounds therefor.

SEVENTIETH:       That the plaintiff was and is wholly innocent and was forced by the defendants to submit to court proceedings.

SEVENTY-FIRST:    That on February 9, 2015, before Brooklyn Criminal Court judge Honorable Laura Johnson of the City of New York, defendants, their agents, servants and employees, falsely and maliciously and without probable cause charged the plaintiff under PL § 145.00(1).

SEVENTY-SECOND:      That the defendants, their agents, servants and employees acting in the performance of their employment and within the scope of their authority, submitted false accusations and withheld vital information before a judge of the Criminal Court of the City of New York.

SEVENTY-THIRD:   That upon examination, the said charges were falsely and maliciously made. That upon motion of the prosecutor, a Judge of the Criminal Court of the City of New York, the Honorable Joy Campanelli dismissed the charge on May 14, 2015.

SEVENTY-FOURTH:      That the said prosecution and criminal charge were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefor. That the commencement and continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff.

SEVENTY-FIFTH:   That by the reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community, and the said plaintiff has been otherwise damaged.

SEVENTY-SIXTH:   That be the reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**SEVENTH CAUSE OF ACTION – CIVIL RIGHTS ACTION UNDER 42 U.S.C. 1983**

SEVENTY-SEVENTH:      Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs marked FIRST through FIFTY-EIGHTH, with the same force and effect as if more fully set forth herein.

SEVENTY-EIGHTH: That on the aforesaid date, time and place, the plaintiff, who was lawfully and properly upon the sidewalk in front of, contiguous to and adjacent to premises known and designated as the north-west corner of North Henry Street and Meserole Avenue in the Greenpoint section of Brooklyn situated within the County of Kings, at which time and place the defendants then and there were at as part of their regular and official employment as police officers for the defendant, CITY OF NEW YORK.

SEVENTY-NINTH: As the plaintiff was lawfully and properly thereat, the aforementioned police officers, who having the real and apparent ability to cause imminent harmfuland offensive bodily contact and the power and authority to arrest and imprison the plaintiff did so to the plaintiff thereat.

EIGHTIETH: Immediately thereafter, aforementioned the defendants, their agents, servants and employees falsely arrested and imprisoned the plaintiff, assaulted and battered the plaintiff and deprived him of his rights set forth in the Constitutions of the United Stated and of the State of New York, handcuffed him and they continued to assault and batter the plaintiff and imprison the plaintiff without any conduct on the part of the plaintiff to so warrant to wit:

    a. in that all of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the plaintiff, to arrest, restrain and imprison the plaintiff without his consent, the plaintiff was at all times conscious of his arrest, did not consent to the false arrest and the false arrest and imprisonment were not otherwise privileged; and,

    b. the arrest and imprisonment were not justified by probable cause or other legal privilege; defendants, their agents, servants and employees, acting under the color of statute,

ordinances, regulations, customs and usages under the CITY OF NEW YORK, and under the authority of their office as police officers for said City, falsely charged the plaintiff with violating § 145.00(1) of the Penal Law, although the defendants, acting in such capacity, knew that such charges were false; and,

c. in that the defendants, their agents, servants and employees caused an assault and battery when they in a hostile and offensive manner touched the plaintiff without his consent and with the intention of causing harmful and offensive bodily contact to the plaintiff, all without warrant, probable cause or any lawful cause whatsoever; and,

d. that the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees; that in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the City and State of New York is evidence of the reckless lack of cautious regard for the rights of the public including the plaintiff; in that they exhibited a lack degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and,

e. the failure of the defendants, their agents, servants and employees to hire, , train, supervise, discipline or in any other way control the defendants, in the exercise of their functions; in that their failure to enforce the laws of the City and State of New York was and is carried out wantonly, willfully, maliciously and with such reckless disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to the citizens of the City of New York including plaintiff; and,

f.  due to the acts of the defendants, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the defendants and the continued employment of the defendants presents and a clear and present danger to the citizens of the City of New York; and,

g.  that the said prosecution and criminal charge were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefor. That the commencement and continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff;

h.  that the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiff; and, in that each and all of the acts of that the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the City of New York, and under the authority of their office as police officers for said city and county.

EIGHTY-FIRST:    Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983.

EIGHTY-SECOND: As a direct result of the illegal actions and conduct on the part of that the defendants, their agents, servants and employees, plaintiff was falsely arrested and imprisoned,

Page 20 of 24

assaulted and battered, maliciously prosecuted and compelled to be arraigned and appear in Brooklyn Criminal Court and to undergo a criminal proceeding until dismissed before Judge Honorable Joy Campanelli on May 14, 2015.

EIGHTY-THIRD: That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendant City of New York and were acting under the color of the policies, statute, ordinances, rules and regulations of the City of New York.

EIGHTY-FOURTH: That at all times hereinafter mentioned, defendants McKINNIES, CRAIG, BARONE-BAUER & SANTIAGO were acting pursuant to order directives from defendant CITY OF NEW YORK.

EIGHTY-FIFTH: That during all times hereinafter mentioned, the defendant police officers and each of them separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the CITY OF NEW YORK and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, ROBERT EDWARD NOWAKOWSKI, and deprived plaintiff of the rights, privileges and immunities secured to the plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

EIGHTY-SIXTH: The Police Officers of the defendant CITY OF NEW YORK and its individual members who were agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected plaintiff and under persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks partaking in peaceful activity in the CITY OF NEW YORK, in

Page 21 of 24

denial of rights, privileges and immunities guaranteed plaintiff, ROBERT EDWARD NOWAKOWSKI and other citizens by the Constitution of the United States.

EIGHTY-SEVENTH: This systematic pattern of conduct consists of a large number of individual acts and violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiff, ROBERT EDWARD NOWAKOWSKI by members of the police department of defendant CITY OF NEW YORK, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

EIGHTY-EIGHTH:    Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant CITY OF NEW YORK has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

EIGHTY-NINTH:      The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff of rights, privileges and immunities secured to him by the Constitutions of the United States and the State of New York.

a.  The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States; and,

b.  The right of the plaintiff to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c.  The right of the plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured to him by the Fourteenth Amendment to the Constitution of the United States, additionally violated when the defendant police officers booked him instead of issuing a Desk Appearance Ticket.

NINETIETH:  That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery and malicious prosecution caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff and compel him to abandon his rights and privileges as provided him in the Constitution of the United States of America, and provided him in the Constitution of the State of New York and the laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983, in that the defendants, their agents, servants and employees acted as persons under color of statute, ordinance, custom, regulation or usage of the CITY OF NEW YORK, subjected or caused to be subjected, a citizen of the United States of America or other persons within the jurisdiction, particularly the plaintiff ROBERT EDWARD NOWAKOWSKI, thereof to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the plaintiff.

NINETY-FIRST:    That by the reason of the aforesaid intentional assault and battery, the false

arrest and false imprisonment, assault and battery and malicious prosecution and deprivation of

his rights and liberties as guaranteed by the aforementioned constitutions , by the defendants,

their agents, servants and employees, acting within the scope of their authority, and without any

probable or reasonable cause, the plaintiff suffered great bodily and emotional distress,

intentionally inflicted by the defendants, their agents, servants and employees, and suffered

conscious pain and suffering, and that he was otherwise damaged.

NINETY-SECOND:   That by reason of the aforesaid, the plaintiff requests the following relief:

Damages in a sum to be determined.

Dated: July 10, 2016

Robert Edward Nowakowski
226 Norman Ave, Apt. #3
Brooklyn, New York 11222
347-223-7337
nowakowski@mail.com